843 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James B. FEASTER, Defendant-Appellant.
 No. 87-1340
 United States Court of Appeals, Sixth Circuit.
 April 15, 1988.
 
 Before NATHANIEL R. JONES, WELLFORD, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant, James B. Feaster ("Feaster"), found guilty in five counts of an eleven count indictment, challenges his convictions based upon claims of outrageous governmental conduct, insufficiency of evidence, and denial of a fair trial. An investigation of appellant was pursued by the IRS spanning a number of years. Appellant, a tax attorney, contends that the government's investigation and his resulting convictions were based upon a government vendetta against him.
 
 
 2
 IRS Special Agent Kraft began to investigate appellant for potential tax violations. In July 1985, appellant shared a flight with an SEC attorney, Fusfeld, and, according to Fusfeld, described his representation of criminal defendants to avoid tax problems in connection with income realized from illegal activities. When this information from Fusfeld became known, the IRS mounted an undercover operation in an effort to obtain evidence that appellant in fact engaged in advising and assisting individuals in filing false tax returns and in other criminal activities. That undercover operation resulted in contact by an agent investigator, Terrence Johnson, ("Johnson") wherein appellant gave specific and lengthy advice to Johnson regarding methods of deceiving the IRS.
 
 
 3
 The investigation of appellant further revealed activities on behalf of one Velma Bailes which included the filing of false responses to interrogatories in an effort to make a claim against money seized from Bailes's residence relating to illegal drug activity. Appellant was paid $25,000 by the government for what was asserted to be unauthorized representation of Javern Davis in the same forfeiture proceeding in which Bailes was involved. Furthermore, the investigation of appellant revealed that he had understated his taxable income in his 1979 income tax return.
 
 
 4
 Based upon these activities of Feaster revealed through the IRS investigation, the government sought and obtained an indictment against appellant for eleven counts of various violations of federal laws. (In count one with tax evasion in 1979; in count two with tax evasion in 1980; in count three with obstruction of justice for falsely claiming to represent Davis in the forfeiture proceeding; in count four with obstruction of justice for filing a false assignment from Davis; in count five with obstruction of justice for falsely claiming to represent Bailes; in count six with obstruction of justice for filing false and fraudulent interrogatory answers purporting to be those of Bailes; in count seven for theft of government property for the $25,000 paid to him for his representation of Davis; in count eight for mail fraud in connection with his alleged representation of Bailes; in count nine for wire fraud based upon the scheme to defraud the IRS; in count ten for wire fraud also in connection with the scheme to defraud the IRS, and; in count eleven for violation of 26 U.S.C. Sec. 7206(2) for advising the preparation of false tax returns.) The jury found appellant guilty of counts one, six, seven, ten and eleven only.
 
 
 5
 Appellant contends that the conduct of the government in this case was outrageous and thus denied him due process in accordance with the standards set forth by this court in United States v. Brown, 635 F.2d 1207 (6th Cir.1980), and its progeny. Appellant contends that the telephone call relied upon by the government in convicting appellant pursuant to count ten of the indictment was manufactured by the government in violation of appellant's due process rights, relying primarily upon United States v. Archer, 486 F.2d 670, 681 (2d Cir.1973). Appellant further contends that the government abused the grand jury process by utilizing the IRS agent as the sole witness before the grand jury, but using only other individuals as witnesses at trial so that defendant was deprived of knowing about their prior testimony. Appellant asserts that Bailes was a perjurer and that Davis's testimony was obtained by the IRS's agreement to release a lien against him. Appellant claims that raising the count nine charge involving an eleven-year long alleged scheme to defraud was prejudicial to appellant, since he was acquitted of that charge. Finally, appellant contends that the information concerning the inducement for Davis to testify was not provided to him in violation of the rules set forth in Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972).
 
 
 6
 The government responds that the telephone call upon which count ten was based was the result of legitimate investigative techniques. With respect to alleged grand jury abuse, Costello v. United States, 350 U.S. 359, 363, reh'g denied, 351 U.S. 904 (1956), stands for the proposition that "[a]n indictment returned by a legally constituted and unbiased grand jury ... if valid on its face, is enough to call for trial of the charge on the merits." In Costello, the Court reaffirmed its refusal to quash an indictment where evidence before the grand jury was incompetent or in the nature of hearsay. United States v. Mechanik, 475 U.S. 66 (1986), holds that appellant's convictions render harmless any alleged error of the type asserted in respect to the grand jury proceedings.
 
 
 7
 In sum, after considering each of appellant's contentions, we conclude that appellant has demonstrated no outrageous governmental conduct which would justify reversal of his convictions.
 
 
 8
 I. Is filing of a tax return a required element of 26 U.S.C. Sec. 7602(2)?[1]
 
 
 9
 Appellant relies upon United States v. Dahlstrom, 713 F.2d 1423, 1429 (9th Cir.1983), cert. denied, 466 U.S. 980 (1984), which found that "the filing of a return is in fact an element of a section 7206(2) violation." In only one other case was Dahlstrom cited for the proposition now before us, in United States v. Shortt Accountancy Corp., 785 F.2d 1448 (9th Cir.), cert. denied, 106 S.Ct. 3301 (1986).
 
 
 10
 Appellee relies upon United States v. Kelley, 769 F.2d 215 (4th Cir.1985); United States v. Maius, 378 F.2d 716 (6th Cir.), cert. denied, 389 U.S. 905 (1967); United States v. Nealy, 729 F.2d 961 (4th Cir.1984), and; United States v. Holecek, 739 F.2d 331 (8th Cir.1984), cert. denied, 469 U.S. 1218 (1985), which deal with a situation in which the defendant provided extensive assistance in preparation of a tax return ultimately filed by someone else. In each case, the defendant contended that he could not be held guilty of a violation of the tax laws since he did not actually file the false return. In Kelley, Maius, Nealy, and Holecek, the court held that assistance in preparation was sufficient for the prosecution. None of these cases, however, deal with the situation where the ultimate filing of the tax return did not take place, which is the situation involved in count eleven.
 
 
 11
 We conclude that Dahlstrom is contrary to the plain language of 26 U.S.C. Sec. 7206(2). That statute provides that a violation occurs if a person aids, assists, counsels, or advises the preparation or presentation of a fraudulent tax return. We believe the authority of Maius, previously decided in this circuit, is sufficient to sustain prosecution based upon aiding in preparation of a false return without the necessity of the return being filed.
 
 
 12
 II. Sufficient evidence.
 
 
 13
 The oft-reiterated standard for sufficiency of the evidence to support a criminal conviction "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1978), reh'g denied, 444 U.S. 890 (1979) (citations and emphasis omitted).
 
 
 14
 With respect to count one, appellant contends that there was no evidence that he prepared or signed the tax return in issue, and contends that two of the three disputed items were reported and not concealed. The charge of tax evasion was based upon (1) appellant's failure to claim interest income on a loan, (2) manipulative reporting of a property capital gains transaction, and (3) inappropriate deduction of an alleged $10,000 settlement.
 
 
 15
 Upon an examination of the return in question and the evidence relating to its preparation and filing, we are satisfied that the evidence in this case meets the Jackson standards as to count one.
 
 
 16
 With respect to count six, appellant contends that the contradictory testimony of Bailes, an admitted perjuror, cannot support the criminal charge against him unless there was some additional evidence to support that charge. Appellant also contends that Bailes's testimony was inherently incredible. Here we find that Bailes gave a rational explanation for the conflicts between her previous actions and her testimony in this case and her testimony is sufficient to support appellant's conviction on count six if believed by the trier of fact. It was for the jury to resolve Bailes's credibility in light of her known background and her relationship with Feaster. With respect to count seven, appellant makes a similar argument concerning the testimony of witness Davis which we find is similarly without merit.[2]
 
 
 17
 In Giglio v. United States, 405 U.S. 150, it was held that "[w]hen the reliability of a given witness may well be determinative of guilt or innocence ... [a] new trial is required if the false testimony could ... in any reasonable likelihood have affected the judgment of the jury...." 405 U.S. at 154 (citations omitted).
 
 
 18
 Davis had a very large loan released by the government, and was apparently the sole witness in support of the government's count seven charges against appellant. We conclude that a new trial is justified on count seven for the prosecution's failure to disclose to appellant prior to trial in accordance with his request the arrangement between Davis and the government in light of these circumstances.
 
 
 19
 Appellant attacks count ten on the ground that the telephone call was "manufactured" and that the government failed to prove beyond a reasonable doubt the existence of the alleged scheme. He points out that his purported statements made to Fusfeld and Johnson were uncorroborated, citing Smith v. United States, 348 U.S. 147 (1954). There is, however, a distinction between an out of court admission made during the commission of the crime and an out of court admission made following the commission of the crime. In the former situation, corroboration of the admission is unnecessary. United States v. Pennell, 737 F.2d 521, 537 (6th Cir.1984), cert. denied, 469 U.S. 1158 (1985). In the present case, the statements made to Johnson were made in the course of the commission of the crime and are sufficient to support appellant's conviction under count ten.
 
 
 20
 With respect to count eleven, appellant reiterates his argument that an essential element of 26 U.S.C. Sec. 7206(2) was not proved and his argument that his conversations with Johnson were not corroborated. Those contentions have been addressed, and we hold that there was sufficient evidence to support the conviction of appellant pursuant to count eleven and all the other counts save count seven.
 
 
 21
 III. Did defendant receive a fair trial?
 
 
 22
 Appellant argues that the government's violation of Giglio and the failure of the trial court to strike count nine which contained inflammatory language concerning appellant's advice to drug traffickers resulted in deprivation of a fair trial. The violation of Giglio is adequately addressed by requiring a new trial on the issues presented in count seven. The remainder of appellant's contentions are insufficient to indicate that he did not receive a fair trial. He was acquitted on a number of counts. We have considered each of the contentions of appellant, singly and in combination, and we are satisfied that he received a fair trial.
 
 
 23
 Appellant's conviction for theft of government property pursuant to count seven of the indictment is REVERSED and REMANDED for a new trial. In all other respects the convictions are AFFIRMED.
 
 
 
 [1]
 26 U.S.C. Sec. 7206(2) provides that a felony is committed by any person who:
 willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the Internal Revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document ... (emphasis added).
 
 
 [2]
 Davis, in his testimony, responded to questions by appellant's attorney regarding whether Feaster was instrumental in having the lien removed by stating "I don't know, sir." Appellant's attorney did not pursue this further on cross-examination