[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 13, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12821
Non-Argument Calendar
_____

D. C. Docket No. 05-00181-CR-ORL-18-31-DA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LINDA ANN BORDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 13, 2008)

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Linda Ann Borden appeals her conviction and sentence for wilfully aiding

and assisting in the preparation and presentation of false tax returns in violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 2. She contends that the evidence presented at trial was insufficient to support her conviction on count fourteen of the indictment on the ground that the government did not present evidence showing that the disputed tax return was filed with the Internal Revenue Service.[1] She also contends that the district court erred by: (1) incorrectly calculating the tax loss under United States Sentencing Guidelines § 2T4.1 (Nov. 2006); and (2) finding that she was subject to an aggravating role enhancement pursuant to U.S.S.G. § 3B1.1(c).

## I.

We review de novo sufficiency of the evidence claims. United States v. Anderson, 289 F.3d 1321, 1325 (11th Cir. 2002). This "standard of review is stacked in the government's favor." United States v. Moore, 504 F.3d 1345, 1348 (11th Cir. 2007); see also United States v. Robertson, 493 F.3d 1322, 1329 (11th Cir. 2007) ("We view the evidence in the light most favorable to the government and resolve all reasonable inferences and credibility evaluations in favor of the

---

[1] Borden was convicted of twenty-seven counts of wilfully aiding and assisting in the preparation and presentation of false tax returns in violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 2. In her brief, she only raises issues regarding count fourteen. Accordingly, she has abandoned any arguments with respect to the twenty-six other counts. See Harris v. Plastics Mfg. Co., 617 F.2d 438, 440 (5th Cir. 1980).

2

jury's verdict. The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." (internal citations and quotation marks omitted)).

The evidence is sufficient to support Borden's conviction on count fourteen of the indictment. At trial, one of the government's witnesses testified that the amended tax return was prepared by Borden and was mailed to the IRS. Although that witnesses testified that he contacted the IRS and asked it to disregard the amended return, the fact that the return was mailed to and received by the IRS was enough for the jury to conclude that it was "filed." In addition, a person may be convicted of assisting in the preparation and presentation of fraudulent tax returns under 26 U.S.C. § 7206(2) if that person either prepares or presents the relevant return. See 26 U.S.C. § 7206(2) ("Any person who . . . [w]illfully aids or assists in . . . the preparation or presentation under . . . the internal revenue laws, of a return, . . . which is fraudulent or is false as to any material matter, . . . shall be guilty of a felony . . . ."). Borden does not dispute her involvement in the preparation of the return in question. Accordingly, the evidence is sufficient to sustain her conviction.

3

**II.**

We review a district court's factual determination of offense level enhancement related to tax offenses for clear error. United States v. Paradies, 98 F.3d 1266, 1292 (11th Cir. 1996). Likewise, a district court's determination of a defendant's role in the offense is reviewed for clear error. United States v. Mesa, 247 F.3d 1165, 1168 (2001). Clear error is present only if we are "left with a definite and firm conviction that a mistake has been committed" by the district court. United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005) (citation omitted).

The sentencing guidelines define tax loss as the total amount of loss that was the object of the offense. See U.S.S.G. § 2T1.1(c). Where the tax loss to the government falls between $2,500,000.00 and $7,000,000.00, the offense level is 24. U.S.S.G. § 2T4.1(J). The district court must support its loss calculation with reliable and specific evidence. See United States v. Renick, 273 F.3d 1009, 1025 (11th Cir. 2001). Nevertheless, because loss calculations under the Guidelines are often not calculable "with precision," we have noted that a sentencing court need only "make a reasonable estimate of the loss, given the available information." See United States v. Orton, 73 F.3d 331, 335 (11th Cir. 1996).

The district court did not clearly err in calculating the tax loss as $4,000,000.

4

At the sentence proceeding, the government presented documentary evidence and testimony showing that the tax loss was at least $4,378,463.00.

The district court also did not clearly err by enhancing Borden's sentence under U.S.S.G. § 3B1.1(c). Under that guideline, a defendant's offense level is increased by two levels if she was the organizer, leader, manager, or supervisor in any criminal activity involving at least one, but fewer than five participants. "A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1 cmt. n.1. The commentary further states that: "To qualify for an adjustment . . . , the defendant must have been the organizer . . . of one or more other participants." U.S.S.G. § 3B1.1 cmt. n.2. A defendant's assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement. United States v. Jiminez, 224 F.3d 1243, 1251 (11th Cir. 2000).

The testimony at trial showed that at least one other person was a participant in the criminal activity and was under Borden's supervision. Mark Hayes was present during meetings where Borden made her tax presentations, and he promoted her tax return preparation services at those meetings. He described himself as an investor in one of her companies and told those in attendance that he was assisting her in making sales presentations. Because of this evidence, we are

5

not left with the definite and firm conviction necessary to set aside the district court's finding.

**AFFIRMED**.