# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 09-3292

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Francis Leroy McLain, | * | |
| | * | |
| Appellant, | * | |
| _____ | * | |
| | * | |
| Freedom Law School; We the People | * | |
| Foundation for Constitutional | * | |
| Education, Inc., | * | |
| | * | |
| Amici on behalf of Appellant. | * | |

_____

Submitted: March 14, 2011
Filed: July 21, 2011

_____

Before SMITH, ARNOLD, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Francis Leroy McLain was convicted of failing to account for and pay employment taxes, see 26 U.S.C. § 7202, and sentenced to 48 months imprisonment and fined $75,000. McLain appeals his conviction, the calculation of loss to the

government, and his fine. We affirm McLain's conviction, but we vacate the district court's calculation of loss to the government and remand for resentencing.

I.

McLain managed Kirpal Nurses, LLC, a temporary staffing agency for nurses. From 2002 to 2005, Kirpal Nurses neither filed the Employer's Quarterly Federal Tax Returns, Form 941, with the Internal Revenue Service (IRS) nor payed federal employment taxes. McLain was charged with a nine-count indictment for failing to account for and pay employment taxes in violation of 26 U.S.C. § 7202. Each count encompassed one calender quarter in which the employment taxes were not accounted for or paid, from the fourth quarter of 2002 through the fourth quarter of 2005.

At trial, McLain asserted that Kirpal Nurses was not required to account for or pay employment taxes because the nurses were independent contractors. In the alternative, he argued that even if he was wrong, he held a good faith belief that the nurses were independent contractors and thus he did not have the requisite mens rea to be liable under section 7202. After a nine day trial, the jury found him guilty on all counts.

The Presentence Report (PSR) calculated the tax loss to the government based on the amount of employment taxes Kirpal Nurses failed to account for and pay with respect to Kirpal's nursing staff. The government objected to the PSR's calculation, arguing that the tax loss should include McLain's other attempts to defraud the IRS. In particular, the government asserted that the loss should include the amount of tax deductions that McLain had purported to "give" to two acquaintances, Daniel Shetka and Brad Hall.[1] After a hearing, the district court included the tax deductions "given"

_____

[1]The government also argued that the tax loss should encompass the employment taxes that Kirpal Nurses failed to account for and pay with respect to

to Shetka and Hall in its calculation, which resulted in an offense level of 22. With an offense level of 22 and a Criminal History Category I, McLain's advisory Guidelines range was 41 to 51 months imprisonment. The district court sentenced McLain to 48 months imprisonment and imposed a $75,000 fine.

## II.

## A.

McLain argues that the district court erred under Federal Rule of Evidence 404(b) in admitting evidence relating to McLain's compliance with Minnesota tax law. Because McLain objected to the evidence in limine and at trial, we review the district court's evidentiary ruling for abuse of discretion. United States v. Yarrington, 634 F.3d 440, 447 (8th Cir. 2011).

Rule 404(b) limits how evidence of other crimes, wrongs, or acts can be used at trial. It states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

---

Kirpal's office workers; McLain's unpaid income taxes from 2000 to 2004; and tax deductions that McLain had gifted to Larry McCormick. The district court accepted the government's argument with respect to the employment taxes that Kirpal Nurses failed to account for and pay on its office workers and McLain's unpaid income taxes, but it found the government had not met its burden with respect to the tax deductions that McLain allegedly gave to McCormick. These findings are not appealed.

Fed. R. Evid. 404(b). "Bad acts evidence is admissible if (1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." United States v. Gaddy, 532 F.3d 783, 789 (8th Cir. 2008) (quoting United States v. Jackson, 278 F.3d 769, 771 (8th Cir. 2002)).

Section 7202 is violated only when an employer "willfully fails" to account for and pay employment taxes, 26 U.S.C. § 2702, and at trial, McLain argued that he believed he could treat the nurses as independent contractors rather than employees. Minnesota law, however, requires nurse staffing agencies like Kirpal Nurses to certify that they are treating nurses as employees, not independent contractors. Minn. Stat. § 144A.72., Subd. 1(9). The government sought to undermine McLain's defense and prove his willfulness by introducing evidence of his compliance with this Minnesota statute. The district court agreed that such evidence was highly relevant to intent and allowed the government to introduce evidence about the Minnesota statute, its terms, the notice McLain received about it, and the forms he filed under the statute to certify his compliance with it.

McLain argues that the evidence relating to his compliance with Minnesota law was irrelevant to the federal charges and its potential prejudice substantially outweighs its probative value. We agree with the district court that such evidence was highly relevant to McLain's willfulness, a necessary element of the crime charged, 26 U.S.C. § 2702. In addition, because McLain's beliefs were a central issue at trial, the district court did not abuse its discretion in finding the evidence highly probative and not outweighed by any unfair prejudice.

B.

McLain challenges the district court's understanding of the essential elements of section 7202 by appealing the district court's jury instructions and the district court's denial of his motions for acquittal. When objected to at trial, we review jury instructions for abuse of discretion, and when not objected to, we review for plain error. United States v. Gill, 513 F.3d 836, 849 (8th Cir. 2008). We review the denial of a motion for acquittal de novo, "viewing the evidence in the light most favorable to the guilty verdict, resolving all evidentiary conflicts in favor of the government, and accepting all reasonable inferences supported by the evidence." United States v. Thompson, 533 F.3d 964, 970 (8th Cir. 2008) (quoting United States v. No Neck, 472 F.3d 1048, 1052 (8th Cir. 2007)).

First, McLain contends that an assessment of a tax deficiency is an essential element of the crime and that the district court erred in not including it in the jury instructions and not acquitting him because the government never proved an assessment was made. The plain language of section 7202, however, does not require an assessment of a tax deficiency:

> Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

26 U.S.C. § 7202. In rejecting a similar claim with respect to 26 U.S.C. § 7203, we stated, "The filing of an administrative assessment record is not required before a criminal prosecution may be instituted under 26 U.S.C. §§ 7201-07. . . ." United States v. Richards, 723 F.2d 646, 648 (8th Cir. 1983) (quoting United States v. Voorhies, 658 F.2d 710, 714 (9th Cir. 1981)). The district court was correct to omit

the requirement of an assessment of a tax deficiency from the jury instructions and to deny McLain's motion for acquittal on the same basis.

Second, McLain argues that because an affirmative act is an essential element of a crime under section 7202, the district court erred in not including an affirmative act jury instruction. Section 7202, however, focuses on the lack of action taken by employers and imposes liability for the "fail[ure] to collect or truthfully account for and pay over" employment taxes. 26 U.S.C. § 7202. There is no affirmative act requirement in the plain language of section 7202, and the district court correctly excluded it from the jury instructions.

Third, McLain argues that because private employers are not required under the tax code to file the Form 941 tax return, the failure to file Form 941 cannot be prosecuted under section 7202. Thus, he submits the district court erred in instructing the jury that it could convict on that basis and in denying his motion for acquittal on the same ground.

Kirpal Nurses was required to file Form 941. Section 6011(a) of the Code states, "When required by regulations . . . any person made liable for any tax imposed by this title . . . shall make a return . . . ." 26 U.S.C.A. § 6011(a). The accompanying regulations state that "every employer required to make a return under the Federal Insurance Contributions Act [FICA] . . . shall make a return for each subsequent calendar quarter . . . . Form 941 . . . is the form prescribed for making the return required by this subparagraph." 26 C.F.R. § 31.6011(a)-1T. We agree with the Sixth Circuit that "return" is used first to mean "a remittance of taxes withheld from employees" and then to mean the "specific form or statement documenting information required by the Secretary." United States v. Neal, 93 F.3d 219, 223 (6th Cir. 1996). Thus, section 31.6011(a) states that every employer who has to withhold FICA and income taxes shall file the Form 941 for each calender quarter. Id. Kirpal Nurses is an employer required to withhold FICA and income taxes. See 26 C.F.R.

-6-

§ 31.3121(d)-2 (defining employer); 26 U.S.C. §§ 3102, 3402, and 3403 (requiring FICA and income tax withholding and making employer liable for payment of the taxes withheld). The district court was correct to instruct the jury that it could convict McLain under section 7202 for failing to file Form 941 and to deny McLain's motion to acquit.

Fourth, McLain contends he cannot be held responsible for Kirpal Nurses's employment tax obligations under section 7202 and the district court erred in not granting his motion for acquittal on this ground. He asserts that because section 7202 imposes liability solely on the person required to account for and pay employment taxes, only the employer, Kirpal Nurses, could have violated the statute. The Supreme Court in dicta, however, has broadly interpreted section 7202 to apply to an employer's officers. It has stated, "Sections 6672 and 7202 were designed to assure compliance by the employer with its obligation to withhold and pay the sums withheld, by subjecting the employer's officials responsible for the employer's decisions regarding withholding and payment to civil and criminal penalties for the employer's delinquency." Slodov v. United States, 436 U.S. 238, 247 (1978). Other circuits have cited this language in holding an employer's officials responsible under section 7202. United States v. Thayer, 201 F.3d 214, 219-20 (3d Cir. 1999); United States v. Gilbert, 266 F.3d 1180, 1184 (9th Cir. 2001). We agree and conclude that the district court was correct to deny McLain's motion for acquittal on this basis.

Fifth, McLain argues the district court confused the jury and undermined his "good faith belief" defense by giving a "willful blindness" jury instruction. "Willful blindness" instructions are appropriate in tax cases where the government must prove "willfulness" as an element of the crime. United States v. Marston, 517 F.3d 996, 1003 (8th Cir. 2008). The district court did not err in giving the instruction.

C.

Finally, McLain contends the district court miscalculated his Guidelines range because the court included the amount of tax deductions that he improperly "gave" to Shetka and Hall in its calculation of tax loss to the government. We review the application of the Guidelines to the facts de novo and the factual findings underlying the calculations of the Guidelines for clear error. United States v. Morse, 613 F.3d 787, 796 (8th Cir. 2010).

McLain contends the district court erroneously concluded that his tax deduction "gifts" to Hall and Shetka violated 26 U.S.C. § 7206(2) and thus qualified as relevant conduct. United States Sentencing Commission, Guidelines Manual, §1B1.3. McLain sent Shetka a document counseling Shetka to write off a $10,000 investment that Shetka had never made, and McLain improperly "gave" Hall $741,113.12 in mortgage interest deductions for mortgage interest payments and other expenditures that McLain, not Hall, had made. According to McLain, because the district court did not find that either Hall or Shetka had filed a return claiming the false deductions, the district court should not have included in its calculation of the tax loss to the government any tax losses attributable to the tax deduction McLain "gifted" to Shetka or to Hall. If the tax losses associated with these "gifts" are not included, the tax loss to the government is less than $1,000,000 and McLain's base offense level falls from 22 to 20. See U.S.S.G. §§2T1.6(a), 2T4.1.

We agree with the district court that liability under section 7206(2) can attach even if a false return is never filed. Section 7206(2) is violated when a person:

> [w]illfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of

-8-

the person authorized or required to present such return, affidavit, claim, or document[.]

The plain language of the statute provides that a violation occurs when a person counsels either the preparation *or* the presentation of a return. 26 U.S.C. § 7206(2); see also United States v. Borden, 269 F. App'x 903, 905 (11th Cir. 2008) (unpublished per curiam); United States v. Feaster, 843 F.2d 1392 (6th Cir. 1988) (unpublished per curiam). Thus, McLain could have violated section 7206(2) by counseling the preparation of a false tax return, even if neither Hall nor Shetka actually filed a false return.

Section 7206(2) cannot be violated, however, if a false return is never prepared. We have laid out three essential elements to a violation of section 7206(2): "(1) the defendant aided, assisted, procured, counseled, advised or caused the preparation and presentation of a return; (2) the return was fraudulent or false as to a material matter; and (3) the act of the defendant was willful." United States v. Ali, 616 F.3d 745, 755 (8th Cir. 2010). The second element—the return was fraudulent or false as to a material matter—cannot be met if no return was actually prepared.

The district court made insufficient findings to conclude that McLain had violated section 7206(2). The district court found that McLain willfully counseled both Shetka and Hall to prepare a false return, but it made no finding as to whether either Shetka or Hall actually prepared a return that was false or fraudulent as to a material matter. Accordingly, we vacate the calculation of loss and remand for resentencing on the existing record. Because we remand for resentencing, we do not reach McLain's remaining arguments concerning the district court's calculation of the amount of tax loss resulting from the section 7202 violation or his argument about the fine imposed.

## III.

We affirm McLain's conviction but vacate his sentence and remand for resentencing.

_____