NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 8, 2011
Decided December 9, 2011

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 11-1454 | |
| | Appeal from the United States District |
| UNITED STATES OF AMERICA, | Court for the Northern District of Indiana, |
| *Plaintiff-Appellee,* | South Bend Division. |
| | |
| *v.* | No. 3:10cr14-001 |
| | |
| JOANN JOYNER-WILLIAMS, | Jon E. DeGuilio, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Joann Joyner-Williams was convicted after a jury trial of 20 counts of assisting in the preparation of false tax returns, *see* 26 U.S.C. § 7206(2), and 2 counts of making false statements to the IRS, *see* 18 U.S.C. § 1001(a)(2). The district court calculated a guidelines imprisonment range of 41 to 51 months and sentenced Joyner-Williams to a total of 41 months. Joyner-Williams filed a notice of appeal, but her newly appointed lawyer has concluded that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Joyner-Williams has not responded to counsel's submission. *See* Cɪʀ. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers whether Joyner-Williams could argue that the trial evidence does not support her convictions. Since Joyner-Williams did not move for a judgment of

acquittal at trial, *see* FED. R. CRIM. P. 29, reversal would be "'warranted only if the record is devoid of evidence pointing to guilt, or if the evidence on a key element was so tenuous that a conviction would be shocking,'" *United States v. Rea*, 621 F.3d 595, 602 (7th Cir. 2010) (quoting *United States v. Hensley*, 574 F.3d 384, 390–91 (7th Cir. 2009)). To convict Joyner-Williams under § 7206(2), the government had to prove that she willfully assisted in the preparation and presentation of tax returns containing false information as to a material matter. *See United States v. Palivos*, 486 F.3d 250, 258 (7th Cir. 2007); *United States v. Hooks*, 848 F.2d 785, 788–90 (7th Cir. 1988).[1] To convict her under § 1001(a)(2), the government needed to prove that she knowingly and willfully made a false statement that was material and concerned a matter within the jurisdiction of a federal department or agency. *See United States v. Turner*, 551 F.3d 657, 661–62 (7th Cir. 2008).

We agree with counsel that a sufficiency challenge would be frivolous. At trial fivewitnesses testified that they hired Joyner-Williams to prepare and file their tax returns for 2006 and 2007. All of those returns—which were admitted into evidence—include false information. These witnesses told the jury that although each of their returns includes a deduction for a contribution to an Individual Retirement Account, they did not actually make those contributions, nor had they told Joyner-Williams that they did. The witnesses also said that Joyner-Williams had falsified itemized deductions on their returns by exaggerating the amount that they spent on tax-preparation fees, charitable donations, and

---

[1] Our understanding of the statutory elements as expressed in *Palivos* and *Hooks* appears to be in tension with the text of the statute. Section 7206(2) literally says that a person commits the crime by assisting in "the preparation *or* presentation" of fraudulent documents in connection with matters arising under the internal revenue laws. This court and the Ninth Circuit, however, read the statute in the conjunctive to require that a defendant assist in both preparing *and* filing the document. *See United States v. Kellogg*, 955 F.2d 1244, 1248–49 (9th Cir. 1992) (citing *United States v. Dahlstrom*, 713 F.2d 1423, 1429 (9th Cir. 1983)). Five other circuits appear to have a contrary view. Three circuits have held—although two of them in unpublished decisions—that preparing a fraudulent return or other document, whether or not filed, is sufficient to violate the statute. *United States v. McLain*, 646 F.3d 599, 604 (8th Cir. 2011); *United States v. Borden*, 269 F. App'x 903, 904–05 (11th Cir. 2008) (nonprecedential decision); *United States v. Feaster*, 843 F.2d 1392, 1988 WL 33814, at *2 (6th Cir. Apr. 15, 1988) (nonprecedential decision). Two other circuits have expressed doubt that the act of filing is an essential element under § 7206(2); both courts hold that even if filing is an element, that element is met when a defendant gives a false return to a third party who is obligated by law to file the return with the IRS. *United States v. Cutler*, 948 F.2d 691, 694–95 (10th Cir. 1991); *United States v. Monteiro*, 871 F.2d 204, 209–10 (1st Cir. 1989). It is not necessary to resolve this issue here because there is no question that Joyner-Williams both prepared and filed false tax returns. Moreover, the district court instructed the jury using this court's conjunctive reading of § 7206(2), which, as recognized by the circuits that disagree with us, is more favorable to defendants than the statutory language would seem to permit.

personal property taxes, among other things. As for the § 1001 charges, a special agent with the Criminal Investigation Division of the IRS testified that when he interviewed Joyner-Williams, she denied filing false returns and claimed to have included deductions only as directed by her clients. She repeated this account of events at trial, as the defense's sole witness, even though it contradicts the testimony of her clients. The jury was entitled to believe her clients' testimony over hers. *See Rea*, 621 F.3d at 609; *United States v. Hampton*, 585 F.3d 1033, 1042 (7th Cir. 2009).

Counsel also evaluates whether Joyner-Williams could challenge the admission of testimony from five more of her clients whose tax returns are not a basis of the charges in the indictment. The defense received notice of this evidence prior to trial and did not object to it being admitted under Federal Rule of Evidence 404(b). We agree with counsel that it would be frivolous to argue that this evidence was inadmissible. The testimony was relevant to an issue other than Joyner-Williams's character; the evidence about the additional fraudulent returns helped establish that she prepared false returns knowingly, as part of a plan. Moreover, the district court instructed the jury to consider this evidence only as to motive, plan, intent, and absence of mistake—thus curing any potential prejudice the evidence may have caused. *See United States v. Vargas*, 552 F.3d 550, 557 (7th Cir. 2008); *United States v. Moore*, 531 F.3d 496, 500 (7th Cir. 2008).

Another potential issue that counsel explores is whether the district court erroneously increased Joyner-Williams's offense level by two under U.S.S.G. § 3C1.1 for obstruction of justice. The court explained that it was applying the increase because Joyner-Williams had willfully "lied to the jury about matters crucial to the question of her guilt." The district court explained that her testimony was undermined by documents in the record and, in significant part, contradicted her clients' testimony, which the court found credible. An upward adjustment for obstruction is warranted when a sentencing court finds that a defendant willfully gave false testimony under oath. *See United States v. Vallar*, 635 F.3d 271, 288 (7th Cir. 2011); *United States v. Bermea-Boone*, 563 F.3d 621, 626–27 (7th Cir. 2009). Thus, a challenge to the court's application of § 3C1.1 would be frivolous.

Counsel next addresses whether Joyner-Williams could challenge the reasonableness of her overall prison sentence. The sentence is at the bottom of the properly calculated guidelines range and thus presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). Counsel identifies no basis to set aside that presumption, nor have we. Looking to 18 U.S.C. § 3553(a), the district court acknowledged that Joyner-Williams has young children and a steady work history, but the court also noted that the circumstances of her offense—preparing numerous false tax returns for trusting clients and then lying to investigators—were "especially aggravating" and warranted a within-guidelines sentence.

Finally, appellate counsel considers whether Joyner-Williams could argue that her trial attorney provided ineffective assistance. But he has not identified any potential deficiency in the trial attorney's performance. Moreover, claims of ineffective assistance are best raised on collateral review, where a complete record can be developed. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Isom*, 635 F.3d 904, 909 (7th Cir. 2011). We therefore agree with counsel that a direct appeal on this basis would be frivolous.

We GRANT counsel's motion to withdraw and DISMISS the appeal.