# United States Court of Appeals

### For the Eighth Circuit

_____

No. 11-3402

_____

United States of America

*Plaintiff - Appellee*

v.

Francis Leroy McLain

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: January 14, 2013
Filed: February 8, 2013

_____

Before BYE, MELLOY, and SMITH, Circuit Judges.

_____

MELLOY, Circuit Judge.

Francis Leroy McLain was convicted for failing to account for and pay employment taxes in violation of 26 U.S.C § 7202. He initially was sentenced to 48 months' imprisonment and fined $75,000. In a first appeal, we affirmed his conviction but vacated his sentence and remanded for resentencing on the existing record. United States v. McLain, 646 F.3d 599 (8th Cir. 2011). We held that additional findings were needed to support a conclusion that certain conduct was

relevant conduct for the purpose of determining a loss amount pursuant to the United States Sentencing Guidelines. On remand, the district court addressed the issue identified by our court, as well as other issues, including McLain's post-sentencing conduct. The district court ultimately imposed a sentence of 55 months' imprisonment. McLain appeals, and we affirm.

I.

The alleged relevant conduct identified in our prior opinion involved McLain's purported counseling of two persons to prepare a false tax return in violation of 26 U.S.C. § 7206(2). We held that, although the government need not necessarily prove such conduct resulted in the *filing* of a false return, the government must, at a minimum, prove the *preparation* of a false return. McLain, 646 F.3d at 604–05. We remanded with specific instructions for the district court to make a factual finding on this issue based upon the existing record. Id. at 605.

On remand, the government conceded that the existing record would not support a finding that McLain's counseling of the two persons had led to the actual preparation of a false return. As a result, the district court found no violation of § 7206(2). The government argued, however, that the conduct at issue was still criminal conduct because it violated other criminal tax provisions. McLain argued that the government had waived such arguments by not raising them sooner. The district court accepted McLain's waiver argument and did not include the contested amounts in the loss-amount determination and guidelines calculations. Therefore, the advisory sentencing guidelines range was 33–41 months rather than 41–51 months, as determined at the first sentencing.

The district court then received testimony concerning McLain's post-sentencing conduct while in prison. The district court concluded that our instruction to rely upon the existing record was applicable to the issues previously identified but did not

restrict the ability to address new evidence regarding post-sentencing conduct. McLain testified at length regarding title to a ranch in Montana; his knowledge regarding title to the ranch at various points in time; his actions attempting to create a back-dated quitclaim deed alienating his interest in the ranch; and his use of the mails from prison in relation to these matters. The government cross-examined McLain, and the district court concluded that McLain's actions from prison concerning title to the ranch were merely a continuation of fraudulent conduct and a "transparent effort to hide assets from the government."

Following the submission of testimony, the district court confirmed with defense counsel and the government that there were no pending motions for departures. The district court then provided a detailed discussion of its application of 18 U.S.C. § 3553(a). It noted that the entire issue surrounding the loss amount and § 7206(2) effectively changed the loss amount from slightly over $1 million to slightly under $1 million and that $1 million was a threshold loss amount for an offense level of 22 (rather than an offense level of 20) under U.S. Sentencing Guidelines Manual §§ 2T1.6(a) & 2T4.1(I) (tax table). The district court concluded that although the offense level and advisory range changed, the change was relatively unimportant in light of other sentencing factors and in light of the fact that the properly determined loss amount remained close to the threshold listed in U.S.S.G. § 2T4.1(I). Accordingly, the district court stated that the change did not alter its overall assessment of the propriety of a 48-month sentence. The district court concluded that, in the absence of evidence of McLain's post-sentencing misconduct, it would have reimposed the same 48-month sentence.

The district court then stated that it believed the post-sentencing conduct required a higher sentence. The district court emphasized that it had obtained great familiarity with McLain due to the fact that it had presided over McLain's jury trial, McLain had participated actively during the motions stage before trial, and McLain

had been involved with both sentencing proceedings. The district court ultimately imposed a 55-month sentence.

## II.

On appeal, McLain raises three discrete issues.[1] First, he argues the district court committed procedural error by failing to consider the applicability of a traditional departure. Second, he argues the district court committed a due process violation by applying a preponderance of the evidence standard at sentencing. Finally, he argues the district court imposed a substantively unreasonable sentence.

We reject his first argument as inconsistent with the record. As noted above, the district court expressly consulted with counsel at sentencing to confirm no party was seeking the application of an upward or downward departure. The district court did not fail to consider the applicability of a departure.

Regarding the standard-of-proof issue, McLain's argument fails for two reasons. First, he does not identify a specific objectionable factual determination under the advisory sentencing guidelines that the district court actually made in arriving at the advisory guidelines range in this case. McLain prevailed on the loss-amount issue that was the subject of our remand. As such, the associated amounts were not used for guidelines purposes. To the extent that McLain directs his argument towards the district court's consideration of new evidence on remand regarding post-sentencing conduct, these issues fall under the umbrella of § 3553(a). Further, and most importantly, even if McLain had properly identified an actual factual finding in association with his standard-of-proof argument, we have

---

[1]He also raises several additional issues in his reply brief. We consider these issues waived due to McLain's failure to raise them in his opening brief. See Jenkins v. Winter, 540 F.3d 742, 751 (8th Cir. 2008) ("Claims not raised in an opening brief are deemed waived.")

consistently rejected arguments challenging the preponderance of the evidence standard for use at sentencing. See, e.g., United States v. Villareal-Amarillas, 562 F.3d 892, 896–97 (8th Cir. 2009) (discussing and rejecting firmly the Eighth Circuit's repeated suggestion that such an argument might be valid in an extreme case).

Regarding the substantive reasonableness of McLain's sentence, we review the district court's application of § 3553(a) for abuse of discretion. United States v. Spencer, 700 F.3d 317, 322 (8th Cir. 2012). Here the district court fully explained why the lower advisory guidelines range at the second sentencing did not alter the court's general view of the case. Further, the record more than adequately supports the determination that McLain's post-sentencing conduct revealed ongoing efforts to conceal assets and cloud title to the ranch property. The district court did not abuse its discretion in viewing such conduct as shedding new and additional light on McLain's risk of recidivism, a clearly relevant sentencing factor. 18 U.S.C. § 3553(a)(2)(B) & (C).

III.

We affirm the judgment of the district court.

_____