# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3721

_____

United States of America

*Plaintiff - Appellee*

v.

Kevin C. Seltzer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 9, 2019
Filed: January 8, 2020
[Unpublished]

_____

Before ERICKSON, ARNOLD, and MELLOY, Circuit Judges.

_____

PER CURIAM.

After Kevin Seltzer shot and killed a man, he pleaded guilty to being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). As part of his plea agreement, the government did not request certain sentencing enhancements that could have resulted in a recommended sentence of 120 months in prison—the statutory

maximum. Instead, Seltzer's Sentencing Guidelines range was 51–63 months' imprisonment. Though the government requested a sentence at the top of this range, the district court[1] sentenced Seltzer to 96 months in prison, in part because of what the district court termed the "horrible" and "terrible" circumstances of the offense. Seltzer challenges this sentence on appeal.

Seltzer argues that the district court did not adequately explain its sentence and fixed the sentence based on clearly erroneous findings. Since Seltzer did not raise these issues to the district court, we review them for plain error. *See United States v. Kirlin*, 859 F.3d 539, 543 (8th Cir. 2017).

After reviewing the record, we reject Seltzer's argument that the district court did not adequately explain the sentence it imposed. The court expressly identified most if not all of the relevant sentencing considerations, *see* 18 U.S.C. § 3553(a), and applied them to Seltzer's personal circumstances. It explicitly noted that it had considered "[s]ection 3553(a), and all the factors thereunder," in determining Seltzer's sentence. It was not obligated to do more. *See Kirlin*, 859 F.3d at 545.

Seltzer's other contention—that the district court based its sentence on clearly erroneous findings—takes aim at the district court's finding that Seltzer did not act completely out of self defense during the incident leading to his conviction. Seltzer points out that the incident occurred after the victim attacked Seltzer at his home and that state authorities, whom Seltzer says are more familiar with the matter, declined to press charges against him. He also maintains that the district court relied on incomplete narratives taken from police reports.

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

The information the district court relied on for its finding was contained in the presence investigation report. Since Seltzer did not object to the PSR's factual recitation, though the district court expressly gave him the opportunity to do so, the district court was justified in adopting as fact the information contained in the PSR. *See United States v. Brooks*, 648 F.3d 626, 629 (8th Cir. 2011) (per curiam). The information contained in the PSR supports a finding that Seltzer, though he may have acted in self-defense initially, escalated the relevant incident beyond the bounds of the law. According to the PSR, a police department investigation revealed that, after Seltzer shot the victim in Seltzer's home, the victim fled into the street where Seltzer continued to shoot at him. It also related the account of a witness who saw Seltzer walk out the front door of his house and fire multiple shots at the victim in the street. This account was corroborated by shell casings found outside the residence near the front door. A Missouri court has explained that "[s]elf-defense is only a defense when the danger is imminent, not when the victim is in retreat." *See State v. Davidson*, 941 S.W.2d 732, 735 (Mo. Ct. App. 1997). Because the court properly relied on the information contained in the PSR, and that information sufficed to show that Seltzer did not act out of self-defense during part of the incident, we do not detect any error here, plain or otherwise.

Seltzer makes a related, due-process argument that the court should have notified Seltzer before the sentencing hearing that it was considering a sentence above the Guidelines range on the ground that he did not act completely out of self-defense. We disagree. We have rejected similar due-process arguments before, *see United States v. Egenberger*, 424 F.3d 803, 805–06 (8th Cir. 2005), and we cannot say that Seltzer did not have sufficient notice of the potential penalties he faced.

Seltzer also maintains that his 96-month sentence was substantively unreasonable, a matter we review for an abuse of discretion. *See United States v. Fitzpatrick*, 943 F.3d 838, 840 (8th Cir. 2019). He asserts that the court, in arriving at his sentence, did not mention certain mitigating circumstances, including Seltzer's

mental health history or his abusive childhood. The district court, however, heard argument about these circumstances and explicitly said it "gave ample consideration to all of his background" after Seltzer raised these concerns. The district court merely weighed other considerations more heavily than Seltzer would have liked, but that does not amount to an abuse of discretion. *See United States v. Beyers*, 854 F.3d 1041, 1044 (8th Cir. 2017). This is not the "unusual" case where we deem a sentence substantively unreasonable. *See United States v. Vanhorn*, 740 F.3d 1166, 1169 (8th Cir. 2014).

Finally, after the parties had filed their briefs on appeal, we granted Seltzer's motion to file a supplemental brief in light of the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Court in *Rehaif* held that the government must prove that a person accused of possessing a firearm illegally because of a certain status knew both that he possessed a firearm and that he belonged to the relevant category of persons barred from possessing a firearm. *Id.* at 2200. Because the district court did not explain this last aspect of the crime, he maintains that the court did not ensure that he understood the nature of the charge against him. *See* Fed. R. Crim. P. 11(b)(1)(G). Seltzer asks that we vacate his guilty plea as a result.

Because he did not object on this ground below, we review Seltzer's argument for plain error. *See United States v. Hollingshed*, 940 F.3d 410, 415 (8th Cir. 2019). Though we agree with the parties that Seltzer has identified an error that is plain, he has failed to demonstrate that the error affected his substantial rights. When a defendant argues under a plain-error standard that the district court committed a Rule 11 error, he must show "a reasonable probability that but for the error, he would not have entered a guilty plea." *See United States v. Simmons*, 736 F.3d 1139, 1142 (8th Cir. 2013) (per curiam); *United States v. Todd*, 521 F.3d 891, 896 (8th Cir. 2008). Seltzer never contends he would not have pleaded guilty had he understood the government's elevated burden, and so his argument fails. Even if he had made such an argument, we would reject it because any increase in the government's burden

-4-

would have been marginal at best: It simply would have had to show that Seltzer knew he had been convicted of a crime punishable by more than a year in prison. This doesn't seem all that difficult a task since Seltzer had been sentenced to more than a year in prison on some of his previous convictions, including one on which he received a two-year prison sentence from the State of Missouri for being a felon in possession of a firearm. So even if the district court had advised Seltzer accordingly, it hardly seems likely that Seltzer would not have pleaded guilty.

Affirmed.

_____