### UNITED STATES of America, Appellee,

v.

### Roderick Maurice WALTER, Appellant.

#### No. 95–2032.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 10, 1995.

Decided Aug. 14, 1995.

Gary L. Robinson, argued, Cedar Rapids, IA, for appellant.

Daniel C. Tvedt, Asst. U.S. Atty., argued, Cedar Rapids, IA, for appellee.

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.

PER CURIAM.

Roderick Maurice Walter appeals his 87–month sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute crack cocaine. We affirm.

Walter was arrested and released on personal recognizance subject to terms of pretrial supervision. Walter's conditions of release included his agreement to refrain from unlawful use or possession of a narcotic drug or other controlled substance and to report for random urinalysis at the direction of the probation office. The parties agreed in their plea agreement that Walter was entitled to a three-level reduction for acceptance of responsibility, but the government reserved the right to resist a reduction for acceptance of responsibility if, between the signing of the agreement and the sentencing hearing in the

---

1. The Honorable Edward J. McManus, Senior United States District Judge for the Northern District of Iowa.

case, the defendant engaged in conduct inconsistent with acceptance of responsibility.

In the section of the presentence report (PSR) concerning acceptance of responsibility, the probation officer noted, *inter alia*, that Walter had submitted ten urine specimens which tested positive for marijuana during the course of his pretrial supervision; that, as a result of his illegal activities, he was referred to a treatment center for substance abuse evaluation and counselling, but continued to use marijuana as evidenced by his continuing positive urinalysis results; and that he began missing urinalysis and counselling appointments altogether until his pretrial-release status finally was revoked in March 1995. The PSR indicated that Walter had not clearly demonstrated acceptance of responsibility, and Walter objected.

At sentencing, the court determined it was undisputed that Walter tested positive for a controlled substance on ten occasions during pretrial release, and concluded "this continuing involvement in drug activity ... demonstrates to the Court a substantial failure to engage in post offense rehabilitative efforts, and when considered together with the undisputed facts in [the PSR], it weighs heavily against the finding of acceptance of responsibility...." Sentencing Transcript at 25–26. The court thus overruled Walter's objection, and sentenced him to 87 months imprisonment and four years supervised release and imposed $8,400 in restitution.

■ On appeal, Walter argues the district court erred in denying him the three-level acceptance-of-responsibility reduction based on his use of marijuana while on pretrial release.

■ Because the district court is in a unique position to evaluate acceptance of responsibility, we will not disturb a district court's decision to deny or grant the reduction unless that decision is clearly erroneous. *United States v. Furlow*, 980 F.2d 476, 476 (8th Cir.1992) (en banc), *cert. denied,* — U.S. ——, 113 S.Ct. 2353, 124 L.Ed.2d 261 (1993). Although entering a guilty plea and admitting offense conduct constitute significant evidence of accepting responsibility, "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n. 3).

In *United States v. Poplawski,* 46 F.3d 42, 43 (8th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 2261, 132 L.Ed.2d 266 (1995), we affirmed the district court's denial of a section 3E1.1 reduction on the ground that the methamphetamine-conspiracy defendant tested positive for drug use (amphetamine, methamphetamine, and marijuana) while released on bond awaiting sentencing. We did not need to resolve the issue of whether continuing unrelated criminal activity could be used to deny acceptance of responsibility for the offense of conviction, because "continued use of a drug is related to the offense of conspiring to manufacture and distribute that drug." *Id.* at 43. Here, although marijuana was not the drug of the offense of conviction, it is a controlled substance, and this was a controlled substance offense. We cannot say the district court abused its discretion, given that ten positive test results were involved. Nothing in section 3E1.1 prohibits taking this conduct into account, and the sentencing judge's determination is entitled to great deference on review. Section 3E1.1, comment. (n. 5).

Accordingly, the judgment is affirmed.