# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1964

_____

United States of America,       *
                                      *

                   Appellee,       *   Appeal from the United States
                                      *   District Court for the Western
     v.                       *   District of Missouri.
                                      *

Richard J. Ottman,          *       [UNPUBLISHED]
                                      *

             Appellant.     *

_____

Submitted:  November 16, 1999

Filed:  November 23, 1999

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Richard J. Ottman pleaded guilty to conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and received a sixty-month sentence.  Ottman now appeals.

Ottman first contends the district court committed clear error in finding for sentencing purposes that Ottman conspired to distribute forty to sixty kilograms of marijuana.  We disagree.  The drug quantity found by the district court was well supported by the evidence presented to the district court at the sentencing hearing.

See <u>United States v. Jones</u>, 160 F.3d 473, 480 (8th Cir. 1998).  Likewise, we reject Ottman's meritless claim that the district court did not make adequate factual findings to explain its drug quantity determination.  <u>See</u> <u>id.</u> (factual findings adequate if district court makes clear statement that it relied on its impression of witness testimony and specifically rejected defendant's quantity objections).

Ottman also argues the district court improperly enhanced his sentence two levels for obstruction of justice after concluding Ottman willfully failed to disclose to the probation officer a number of earlier convictions and arrests.  Again, we disagree. "Providing materially false information to a probation officer in the course of a presentence investigation for the court constitutes willful obstruction of justice." <u>United States v. Anderson</u>, 68 F.3d 1050, 1055 (8th Cir. 1995); <u>accord</u> United States Sentencing Commission, <u>Guidelines Manual</u> § 3C1.1, comment. (n.4(h)) (1998). Having carefully reviewed the record, we cannot say the district court committed clear error in concluding that "[t]here is a certain pattern to [Ottman's] memory loss that causes the Court to conclude that it was willful. . . . [W]ith the number of [omissions] and because those answers might have affected his sentence, the Court concludes that failure to disclose in this case was willful."

We also reject Ottman's related contention that the district court should have granted him a three level reduction for acceptance of responsibility.  The district court denied the reduction because Ottman twice tested positive for marijuana use while under pretrial supervision and did not abuse its discretion in refusing to grant the reduction on this basis.  <u>See</u> <u>United States v. Walter</u>, 62 F.3d 1082, 1083 (8th Cir. 1995) (per curiam).

Finally, we reject Ottman's claim that the district court abused its discretion and violated Ottman's due process rights by denying Ottman's motion to withdraw his guilty plea.  Contrary to Ottman's view, the record establishes Ottman was adequately advised at both his change of plea hearing and in the plea agreement that he could receive the

statutory maximum sentence of sixty months and he cannot now complain that he did not understand the possible consequences of pleading guilty.  See United States v. Burney, 75 F.3d 442, 444-45 (8th Cir. 1996).

We affirm Ottman's sentence and the denial of his motion to withdraw his guilty plea.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.