UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                                            No. 00-4562

CLYDE E. FOCKLER, JR.,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-00-48-2)

Submitted: January 19, 2001

Decided: March 6, 2001

Before WILKINS, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**COUNSEL**

R. Clark Vandervort, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Samuel D. Marsh, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Clyde E. Fockler, Jr. appeals his 210 month sentence for conspiracy to distribute heroin in violation of 21 U.S.C. § 846 (1994). Fockler argues that the district court erred in denying him a reduction in offense level for acceptance of responsibility pursuant to *U.S. Sentencing Guidelines Manual* § 3E1.1 (1998) due to Fockler's four positive tests for cocaine after indictment. Fockler further argues that the resulting sentence as a career offender pursuant to USSG § 4A1.3 overstates his criminal history, and that the district court should have departed downward. We affirm Fockler's sentence, and dismiss his appeal in part.

This Court reviews a district court's decision to deny an acceptance of responsibility adjustment for clear error. *United States v. Ruhe*, 191 F.3d 376, 1279 (4th Cir. 1999). The burden is on the defendant to prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct. *United States v. Martinez*, 901 F.2d 374, 377 (4th Cir. 1990). A defendant's post-indictment drug use may be sufficient justification for a district court's finding that the defendant has not fully accepted responsibility for his criminal behavior, *see United States v. Kidd*, 12 F.3d 30, 34 (4th Cir. 1993), even where the underlying offense involves dissimilar conduct. *See United States v. Walter*, 62 F.3d 1082, 1083 (8th Cir. 1995); *United States v. McDonald*, 22 F.3d 139, 142 (7th Cir. 1994). Because the district court is in a unique position to evaluate a defendant's acceptance of responsibility, its determination is entitled to great deference on review. USSG § 3E1.1, comment. (n.5).

We have reviewed the briefs and materials submitted in the joint appendix and find no clear error in the district court's decision to deny Fockler a reduction in offense level for acceptance of responsibility. Accordingly, we affirm Fockler's sentence.

To the extent that Fockler seeks review of the district court's decision not to depart downward in sentencing him as a career offender, such decisions are not reviewable absent an indication that the district

court misperceived its power to do so. *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990). We have reviewed the briefs and materials submitted in the joint appendix and find no such indication. We therefore dismiss Fockler's appeal in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART*