# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-1593

_____

United States of America

*Plaintiff - Appellee*

v.

Brian Boykin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: November 14, 2016
Filed: March 15, 2017
[Published]

_____

Before RILEY,[1] Chief Judge, SMITH and KELLY, Circuit Judges.

_____

PER CURIAM.

Brian Boykin pleaded guilty to one count of possession with intent to distribute a controlled substance and two counts of distribution of a controlled substance, in

_____

[1]The Honorable William Jay Riley stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 10, 2017. He has been succeeded by the Honorable Lavenski R. Smith.

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The United States Probation Office recommended a Sentencing Guidelines range of 70 to 87 months' imprisonment based on a total offense level of 21 and criminal history category V. The district court[2] sentenced Boykin to 98 months' imprisonment. Boykin appeals his sentence as substantively unreasonable. We affirm.

## I. *Background*

On November 21, 2013, Boykin sold 0.62 grams of heroin to a confidential informant (CI) working for the Jefferson City Police Department in Missouri. Boykin sold another 0.30 grams of heroin to the same CI the next day. When police arrested Boykin in February 2014, a search incident to arrest uncovered another 12 grams of heroin and an additional gram of crack cocaine on his person. Boykin confessed to regularly dealing heroin to approximately ten people, trafficking 10 to 20 grams of heroin per week for five months. Boykin spent two months in state custody for this offense, but the state dropped its charges once Boykin received a federal indictment. At the time of his February arrest, Boykin was on parole for a state conviction of trafficking drugs. Boykin contacted his parole officer to notify him of the new charge, and his parole was revoked. Boykin remained in state custody until April 2014, when he was transferred to the Federal Bureau of Prisons.

For the current offense, the probation office determined that Boykin was accountable for at least 160 grams of heroin during his five months of admitted dealing. The presentence investigation report (PSR) assigned Boykin a base offense level of 24 and a criminal history category V. The PSR also included a three-point reduction for Boykin's acceptance of responsibility. The probation office calculated a Guidelines range of 70 to 87 months' imprisonment, to which Boykin did not object.

---

[2]The Honorable Brian C. Wimes, United States District Judge for the Eastern District of Missouri.

At sentencing, the government requested an upward variance from the Guidelines to a sentence of 120 months, noting that Boykin was previously sentenced to an aggregate of 40 years' imprisonment on state charges but served only five. The government stressed that Boykin had a history of serious convictions followed by multiple failed parole attempts. In opposition, Boykin argued that his sentence should be at the lower end of the Guidelines range because his offense of possessing 160 grams of heroin fell at the lower end of the drug quantity in the statute, which requires possession between 100 and 400 grams. He also requested credit for 14 months of related imprisonment—the 2 months he served in state custody for the same charge and the 12 months of revoked parole because of his confession to the charge. In total, Boykin requested a sentence of 56 months' imprisonment, which would require taking the low end of the Guidelines range and varying downward 14 months for time served.

The district court, taking into account the 18 U.S.C. § 3553(a) factors and the PSR, varied above the Guidelines range and sentenced Boykin to 98 months' imprisonment, finding 100 months appropriate but deciding to credit Boykin 2 months for time served in state custody. In discussing the final sentence, the court pointed to Boykin's multiple previous convictions for selling narcotics and the great disparity between the time that he was sentenced to serve and the time that he actually served. The court determined that an upward variance was appropriate under the specific circumstances of Boykin's case. The sentencing court concluded with a short sermon:

> [W]e've got to get out of this lifestyle of selling. Which becomes a lifestyle. And I've heard enough of selling where it's the rush of doing it and being in the game. But it doesn't get you anywhere but in front of me and in jail. Okay. I'm done preaching.

Boykin asserts that the court's admonition betrayed an improper weighing of the § 3553(a) factors.

## II. *Discussion*

Regardless of whether the final sentence is inside or outside the Guidelines range, we review a defendant's sentence under a deferential abuse-of-discretion standard. *United States v. Goodale*, 738 F.3d 917, 924 (8th Cir. 2013). We first analyze the district court's Guidelines application for procedural error, and in the absence of a procedural error, we consider the substantive reasonableness of the sentence. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Boykin does not allege a procedural error, so we consider only the substantive reasonableness of his sentence for an abuse of discretion. *See, e.g.*, *United States v. Vanhorn*, 740 F.3d 1166, 1169 (8th Cir. 2014). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" *Feemster*, 572 F.3d at 461 (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009)). "[I]t will be the unusual case when we reverse a district court sentence as substantively unreasonable." *United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012).

First, Boykin contends that the district court failed to give substantial weight to the fact that he was a low-level offender. Because he pleaded to possessing only 160 grams of heroin, he contends that his sentence should be at the lower end of the Guidelines range. Boykin highlights the drug quantity of 100 to 400 grams found in U.S.S.G. § 2D1.1(c)(8) in support. In considering this argument, however, the district court pointed specifically to the fact that Boykin did more than merely possess heroin—he actively distributed it. The court found Boykin's multiple charges for heroin distribution to be a substantial and repetitive threat to the community despite Boykin's low-volume sales. *See United States v. Boneshirt*, 662 F.3d 509, 520 (8th Cir. 2011) (affirming the sentencing court's upward variance after thorough consideration of the defendant's history). The district court gave more weight to

Boykin's criminal history than to the drug quantity in his charge. The court did not abuse its discretion in doing so.

Second, Boykin argues that the district court improperly weighed the unsubstantiated assertion that he got a "rush" from selling drugs. The record, though, contains no evidence that the sentencing court relied on its "rush" remark to arrive at Boykin's sentence, but rather shows that the court relied on the specific facts of the crime committed and Boykin's criminal history. *See United States v. Edwards*, 820 F.3d 362, 366 (8th Cir. 2016) (finding substantial discussion of the § 3553(a) factors sufficient to ensure that the district court did not give improper weight to irrelevant factors). The drug-selling statement occurred at the very end of the sentencing hearing. The court made a passing remark addressing the lifestyle of drug dealers generally, not Boykin specifically. The court considered it "preaching" because it was an admonition against future behavior, not punishment for past conduct. The district court did not give significant weight to an improper factor.

Third, Boykin argues that the sentencing court committed a clear error of judgment by basing his sentence on a theory of specific deterrence. This contention misunderstands the district court's role in the sentencing process. The Supreme Court has instructed the sentencing court to consider the § 3553(a) factors in formulating its sentencing decisions to fit the specific circumstances of each defendant. *See Gall v. United States*, 552 U.S. 38, 49–50 (2007). These factors include the nature of the offense, the history of the defendant, the need for adequate deterrence, and the protection of the public. 18 U.S.C. § 3553(a). "[A] sentencing court has wide latitude to weigh the § 3553(a) factors and assign some factors greater weight than others in determining an appropriate sentence." *David*, 682 F.3d at 1077. In this case, Boykin committed multiple drug offenses, accumulating 40 years of imprisonment without serving a majority of the time sentenced. The sentencing court determined that the significant lenience that other courts had given Boykin resulted in continued illegal behavior. Boykin's 98-month sentence represented a sentence necessary to achieve

the statutory aims of federal criminal punishment, which include deterrence. The district court did not abuse its discretion in its final determination of Boykin's sentence.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____