# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-1071

———————————————

United States of America

*Plaintiff - Appellee*

v.

Timothy M. Kirlin

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: January 9, 2017
Filed: June 12, 2017

——————————

Before SMITH, Chief Judge, GRUENDER and SHEPHERD, Circuit Judges.

——————————

SHEPHERD, Circuit Judge.

A Western District of Missouri grand jury returned an indictment charging Timothy Kirlin with conspiracy to distribute 1,000 or more grams of heroin and some amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); being a felon in possession of an explosive device, in violation of 18 U.S.C. §§ 842(i)(1), 844(a)(1); and possession with intent to distribute and distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(c).

At a jury trial the United States introduced evidence that Kirlin and his co-conspirators conducted a heroin distribution operation in the Kansas City, Missouri area spanning a period of ten years. During this time Kirlin and others would regularly travel to Texas to obtain significant quantities of heroin and other drugs for distribution. In March of 2002, one of Kirlin's customers, Joshua Webb, overdosed and died after taking heroin supplied by Kirlin. Kirlin was present in Webb's apartment at the time of Webb's death and, while others attempted to revive Webb, Kirlin concealed drugs and marijuana plants. The medical examiner testified that Webb would have lived had he not ingested heroin.

Kirlin appeared at the jury trial pro se with the Federal Public Defender as standby counsel. Kirlin made no opening statement or closing argument and did not cross-examine the government's witnesses. Kirlin presented no witnesses or other evidence in his defense, and he made no motion to acquit at the close of the government's case. The jury returned a verdict of guilty as to each count of the indictment and, in a special verdict form, found that Joshua Webb would not have died but for his ingestion of heroin distributed by Kirlin.

At sentencing, the government represented that Kirlin had been previously convicted of two drug-related felonies and therefore was subject to a mandatory life sentence on the conspiracy count pursuant to 21 U.S.C. § 841(b)(1)(A). The presentence report attributed between four and five kilograms of heroin to the conspiracy and it did not recommend a reduction in the Guidelines offense level for acceptance of responsibility. Kirlin's Guidelines sentencing range was determined to be 292 to 365 months and Kirlin was sentenced to life imprisonment on the conspiracy count, 120 months imprisonment on the felon in possession of an explosive device count, and 360 months imprisonment on each of the seven counts of possession with intent to distribute and distribution of heroin. The sentences were ordered to run concurrently with each other.

Kirlin appealed and, after the filing of Kirlin's opening brief, we granted the government's unopposed motion to remand this case to the district court for resentencing because, according to the government, Kirlin's two prior drug-related felony convictions should have been counted as one conviction under 21 U.S.C. § 841(b)(1)(A). On remand, at the beginning of the second sentencing hearing, Kirlin made a lengthy statement challenging the jurisdiction of the district court, the authority of the United States Attorney, and the government's case against him. The district court[1] found that as a result of amendments to the Sentencing Guidelines, effective on November 1, 2014, which altered the drug quantity table under USSG § 2D1.1, the base offense level was reduced by two levels and the Sentencing Guidelines range was reduced to 235 to 293 months. The district court varied upward and sentenced Kirlin to 360 months on the conspiracy count, 120 months on the explosive device count, and 360 months on each of the remaining counts, with the sentences to run concurrently. Kirlin again appeals.

Kirlin asserts the district court committed procedural error in failing to further reduce the base offense level by two levels for acceptance of responsibility under USSG § 3E1.1, failing to properly consider the sentencing factors set forth in 18 U.S.C. § 3553(a), and failing to adequately explain the sentence. He further contends the sentence is substantively unreasonable.

"In reviewing a challenge to a sentence, we must first ensure that the district court committed no significant procedural error. . . . If we discover no procedural error, we then consider the substantive reasonableness of the sentence imposed under a deferential abuse-of-discretion standard." United States v. Timberlake, 679 F.3d 1008, 1011 (8th Cir. 2012) (citation omitted) (internal quotation marks omitted). "In reviewing a sentence for significant procedural error, we review a district court's factual findings for clear error and its interpretation and application of the guidelines

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

de novo." United States v. Bryant, 606 F.3d 912, 918 (8th Cir. 2010). However, "[i]f a defendant fails to timely object to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error." United States v. Phelps, 536 F.3d 862, 865 (8th Cir. 2008).

The district court accepted the presentence report's recommendation to deny an acceptance of responsibility reduction in the offense level. Kirlin did not request an acceptance of responsibility adjustment nor did he object to the district court's failure to apply an acceptance of responsibility reduction. Therefore, under plain error review, Kirlin "must show (1) the district court committed an error, (2) the error is clear or obvious, and (3) the error affected his substantial rights." United States v. White Bull, 646 F.3d 1082, 1091 (8th Cir. 2011). Even if these elements are shown, we "will only reverse if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" United States v. Jean-Guerrier, 666 F.3d 1087, 1091 (8th Cir. 2012) (alteration in original) (quoting Puckett v. United States, 556 U.S. 129, 135 (2009)).

Kirlin contends that under USSG § 3E1.1 the district court was required to reduce his offense level for acceptance of responsibility because "he did nothing to challenge the government's case against him" at trial. Further, Kirlin asserts that he declined to plead guilty and went to trial only because his attorney misled him as to the sentence he would face if he pled guilty and "because the government's only plea offer was contingent on the guilty plea of a co-defendant" who declined to plead guilty.

USSG § 3E1.1(a) provides: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." Among the factors which may be considered in determining whether a defendant qualifies for this reduction are the defendant's "truthfully admitting the conduct comprising the offense(s) of conviction[;]" "voluntary termination or withdrawal from criminal conduct or associations;" "voluntary payment of restitution prior to adjudication of

guilt;" "voluntary surrender to authorities promptly after commission of the offense;" "voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;" "voluntary resignation from the office or position held during the commission of the offense;" "post-offense rehabilitative efforts (*e.g.*, counseling or drug treatment);" and "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." USSG § 3E1.1, comment. (n.1).

"[T]he district court is in a unique position to evaluate acceptance of responsibility, [and] we will not disturb a district court's decision to deny or grant the reduction unless that decision is clearly erroneous." United States v. Walter, 62 F.3d 1082, 1083 (8th Cir. 1995) (per curiam); see also USSG § 3E1.1, comment. (n.5). The defendant bears the burden of establishing acceptance of responsibility, United States v. Gonzalez, 781 F.3d 422, 431 (8th Cir. 2015), and the district court's denial of an acceptance of responsibility adjustment will be reversed only if the decision "is so clearly erroneous as to be without foundation[,]" United States v. Adejumo, 772 F.3d 513, 536 (8th Cir. 2014) (internal quotation marks omitted). The acceptance of responsibility adjustment "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." USSG § 3E1.1, comment. (n.2).

We find that Kirlin has not shown that the district court erred, much less plainly erred, in declining to reduce his offense level for acceptance of responsibility. Kirlin did not take any of the actions identified in the commentary to USSG § 3E1.1 as relevant to the district court's decision with respect to the acceptance of responsibility adjustment. Further, he "put[] the government to its burden of proof at trial." Id. While "[c]onviction by trial . . . does not automatically preclude a defendant from consideration for such a reduction," this is not one of those "rare situations [where] a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial." Id. Such a rare situation may arise "where a defendant goes to trial

to assert and preserve issues that do not relate to factual guilt (*e.g.*, to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)." Id.

Citing United States v. McKinney, 15 F.3d 849 (9th Cir. 1994), Kirlin implies that in these circumstances his exercise of the right to trial should not exclude him from consideration for the acceptance of responsibility reduction. He asserts that but for being "misled by his attorney as to the sentence he was facing if he pled guilty" and the government's conditioning any plea offer on the guilty plea of his co-defendant, he would have waived jury trial and entered a guilty plea. He also points out that he presented no defense at trial.

McKinney is not on point. In McKinney, the defendant confessed after his arrest, assisted police, attempted to plead guilty before trial but was rebuffed by the district court, expressed remorse at trial, and was contrite at his sentencing hearing. Id. at 852-53. Kirlin, however, has never accepted responsibility for his criminal conduct and did not attempt to plead guilty. Rather, during and after trial Kirlin asserted that his prosecution was a fraud practiced upon him and that the truth was being concealed, and in his statement to the district court at sentencing he contended that he is the victim of "malicious prosecution" and that "frivolous evidence" was presented to the jury. In sum, Kirlin's actions and statements before the district court are not consistent with the Guidelines requirement that he "clearly demonstrate an acceptance of responsibility for his criminal conduct." USSG § 3E1.1, comment. (n.2). We therefore find no plain error in the district court's denial of the acceptance of responsibility offense level reduction.

Kirlin also contends that the district court committed procedural error by failing to consider the 18 U.S.C. § 3553(a) factors and failing to adequately explain its reasons for varying upward to 360 months from the Guidelines sentencing range of 235 to 293 months. "Procedural errors include . . . 'failing to consider the § 3553(a) factors . . . or failing to adequately explain the chosen sentence-including

an explanation for any deviation from the Guidelines range.'" United States v. Williams, 624 F.3d 889, 896 (8th Cir. 2010) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).  Again, Kirlin failed to object to these alleged procedural errors and, accordingly, we review his contentions for plain error.  United States v. Gray, 533 F.3d 942, 945 (8th Cir. 2008) (Where the defendant fails to "object at sentencing to the adequacy of the district court's explanation or consideration of § 3553(a), . . . we review his objection on appeal for plain error.").

A review of the record of the sentencing hearing reveals that the district court expressly considered several of the § 3553(a) factors and their applicability to Kirlin's case and explained that, "taking all of the statutory factors into consideration," a sentence within the Guideline range was "not sufficient to meet the statutory considerations" that the court considered.  We have repeatedly held that the sentencing judge need not mention each § 3553(a) factor in explaining the sentence where, as here, "we are satisfied, in context, that the district judge . . . was aware of the § 3553(a) factors and adequately considered them in selecting an appropriate sentence."  Id. at 946; see also United States v. Krzyzaniak, 702 F.3d 1082, 1085 (8th Cir. 2013) ("The court's explanation is sufficient if the sentencing record taken as a whole demonstrates that the court considered the relevant factors.").  We conclude that the district court committed no procedural error.

Finally, Kirlin contends his sentence of 360 months is substantively unreasonable.  We review the substantive reasonableness of a sentence for abuse of discretion.  United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005).  "'A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'"  United States v. Borromeo, 657 F.3d 754, 756 (8th Cir. 2011) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)).

The district court had before it the updated presentence report and heard the arguments offered by Kirlin. It mentioned the § 3553(a) factors focusing on "the nature and circumstances of the offense[,]" the need to "reflect the seriousness of the offense [and] . . . promote respect for the law, . . . afford adequate deterrence to criminal conduct[,] . . . protect the public from further crimes [and] . . . provide the defendant with needed . . . correctional treatment." 18 U.S.C. § 3553(a)(1), (2). We conclude that the sentence imposed in this case was not an abuse of discretion. United States v. Boykin, 850 F.3d 985, 988 (8th Cir. 2017) (per curiam) (affirming the district court's upward variance where the court gave increased weight to particular § 3553(a) factors).

For the foregoing reasons, we affirm.

_____