# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1572
_____

United States of America

*Plaintiff - Appellee*

v.

Thomas Jerel Grace

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Bismarck
_____

Submitted: April 9, 2018
Filed: June 20, 2018
_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

On December 6, 2015, Thomas Jerel Grace was driving down North Dakota Highway 23 within the Fort Berthold Indian Reservation when he crossed into oncoming traffic and crashed into the car of 18-year-old Dariann Tveter, who died at the scene. Grace's blood alcohol level was .211 percent.

Grace pled guilty to one count of involuntary manslaughter under 18 U.S.C. §§ 1112 and 1153. At sentencing, the district court[1] determined Grace had an offense level of 19 and a criminal history category of I. As such, his advisory Guidelines range was 30 to 37 months imprisonment. United States Sentencing Guidelines Ch. 5, Pt. A. The district court, however, found an upward variance was warranted and sentenced Grace to 72 months imprisonment to be followed by three years of supervised release. Grace appeals his sentence, alleging it is substantively unreasonable. We affirm.

"[W]e review a defendant's sentence under a deferential abuse-of-discretion standard." United States v. Boykin, 850 F.3d 985, 988 (8th Cir. 2017) (per curiam). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (internal quotation marks omitted). "[I]t will be the unusual case when we reverse a district court sentence as substantively unreasonable." Id. (alteration in original) (internal quotation marks omitted).

Grace first argues the district court abused its discretion by giving significant weight to an improper factor: his previous DUI conviction. He also claims the court committed a clear error of judgment in weighing that factor. Indeed, the driving factor in the court's decision to vary upward was Grace's conviction for a DUI that occurred just four months prior to the fatal accident.

Although Grace's previous conviction was already taken into account in determining his criminal history category, a district court may vary "based on factors

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

already taken into account by the advisory guidelines, where the Guidelines do not fully account for those factors, or when a district court applies broader § 3553(a) considerations in granting the variance." United States v. Richart, 662 F.3d 1037, 1052 (8th Cir. 2011) (internal quotation marks omitted). "We afford the [district] court wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. White, 816 F.3d 976, 988 (8th Cir. 2016) (internal quotation marks omitted).

Here, the district court determined the Guidelines did not fully account for Grace's prior DUI conviction. Cf. Richart, 662 F.3d at 1053 (affirming upward variance where the "Guidelines d[id] not fully account for the nature, circumstances, and seriousness of [the defendant's] offense"). Grace's prior DUI occurred on the very same highway only four months before the accident. In both instances, Grace was highly intoxicated, with a blood alcohol level of over .21 percent. Grace's repeated behavior within such a short period of time indicates a lack of respect for the law and the safety of others, which was not adequately reflected in his advisory Guidelines range. 18 U.S.C. § 3553(a)(2)(A) (sentencing court "shall consider . . . the need for the sentence imposed to reflect the seriousness of the offense [and] to promote respect for the law"). In addition, Grace's repeated behavior following his prior conviction justifies an upward variance in this instance "to afford adequate deterrence." Id. § 3553(a)(2)(B). We therefore conclude the district court neither abused its discretion nor committed a clear error of judgment in weighing Grace's prior DUI conviction.

Grace next argues the district court abused its discretion by giving significant weight to an inapplicable state statute. In finding the Sentencing Guidelines were too lenient for Grace's offense, the district court noted that, by comparison, Grace would be subject to a 10-year mandatory minimum in North Dakota state court. N.D. Cent. Code § 39-08-01.2(1). The district court made additional references to the state court mandatory minimum during sentencing. See Sent. Tr. 23-25, 36.

As an initial matter, we note that in his opening brief, Grace argues the state statute is inapplicable to the facts in his case. Later, in his reply brief, Grace argues the district court erred in considering sentencing disparities between defendants in federal and state courts. See United States v. Nash, 627 F.3d 693, 697 (8th Cir. 2010) (finding "the district court would have erred to consider potential federal/state sentencing disparities"). Because Grace's latter argument was not raised in his opening brief, it is not before us on appeal. See United States v. Rice, 699 F.3d 1043, 1050 (8th Cir. 2012) ("Issues not raised in a party's opening brief are waived.").

We conclude the district court did not give significant weight to the state statute in sentencing Grace. Although the court noted in passing the potential sentence under North Dakota law, the court specifically stated that Grace's previous DUI conviction and his high blood alcohol content were what "swayed" the court to vary upward. And, after imposing the sentence, the district court further explained its analysis under the § 3553(a) factors, specifically concerning the nature and circumstances of the offense, the history and characteristics of the defendant, the need to promote respect for the law, and the need to provide just punishment and adequate deterrence. Because the district court carefully considered the § 3553(a) factors and made "an individualized assessment based on the facts presented," we find the sentence imposed is substantively reasonable. United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (internal quotation marks omitted).

We therefore affirm the district court's sentence.

_____