# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1675
_____

United States of America,

*Plaintiff - Appellee*,

v.

Christopher Victor Grupe,

*Defendant - Appellant.*

_____

No. 19-1331
_____

United States of America,

*Plaintiff - Appellee*,

v.

Christopher Victor Grupe,

*Defendant - Appellant.*

_____

Appeals from United States District Court
for the District of Minnesota

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

In these consolidated appeals, Christopher Grupe, who was convicted of damaging a protected computer and is now proceeding pro se, appeals the jury's determination of the loss amount, and the district court's[1] restitution award following a hearing. The evidence at trial showed that, after losing his job with Canadian Pacific Railway, Grupe changed passwords and deleted administrative accounts, locking Canadian Pacific out of two core switches.

Upon careful review, we conclude that there was sufficient evidence presented at trial to support the jury's finding that Grupe caused more than $5,000 in loss, as the evidence established that employee time spent addressing the lockout cost Canadian Pacific approximately $12,000 and that Canadian Pacific paid $12,000 to CrowdStrike to investigate the scope and source of the intrusion. *See* 18 U.S.C. § 1030(e)(11) (defining loss); *United States v. Timlick*, 481 F.3d 1080, 1082 (8th Cir. 2007) (sufficiency of evidence is reviewed de novo).

We also conclude that the district court did not err in ordering Grupe to pay restitution, as the award was adequately supported by the trial record, an affidavit from Canadian Pacific, and testimony from an FBI agent. *See United States v. Carpenter*, 841 F.3d 1057, 1060 (8th Cir. 2016) (district court's decision to award

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

restitution is reviewed for abuse of discretion, fact findings as to amount are reviewed for clear error).

We decline to address Grupe's claim of ineffective assistance of counsel, as it is not cognizable on direct appeal. *See United States v. Hernandez*, 281 F.3d 746, 749 (8th Cir. 2002). We conclude that the arguments Grupe raises for the first time in his reply brief are waived. *See United States v. Grace*, 893 F.3d 522, 525 (8th Cir. 2018). The judgment of the district court is affirmed.

_____