# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2214
_____

United States of America

*Plaintiff - Appellee*

v.

Geoffrey Seldon Six

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: January 3, 2022
Filed: January 6, 2022
[Unpublished]
_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.
_____

PER CURIAM.

Geoffrey Six pleaded guilty to conspiring to distribute methamphetamine, 21 U.S.C. § 841(a)(1), 846, and possessing a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A). In an *Anders* brief, Six's counsel suggests that the

sentence is substantively unreasonable. *See Anders v. California*, 386 U.S. 738 (1967). A pro se supplemental brief raises several other issues.

We conclude that Six's sentence is substantively reasonable. *See United States v. Feemster*, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc) (reviewing the reasonableness of a sentence under "a deferential abuse-of-discretion standard" (quotation marks omitted)); *United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008) (stating that a within-Guidelines-range sentence is presumptively reasonable). The record establishes that the district court[1] sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Larison*, 432 F.3d 921, 923–24 (8th Cir. 2006).

As for the issues raised in Six's pro se supplemental brief, the district court did not plainly err when it declined to apply a mitigating-role reduction or give him relief under the so-called safety valve. *See United States v. Kirlin*, 859 F.3d 539, 543 (8th Cir. 2017) (standard of review). And Six's ineffective-assistance-of-counsel claim, to the extent he tries to raise it here, will have to await "collateral" review. *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826–27 (8th Cir. 2006); *see also* App. Br. at 1 (claiming that "[his] lawyer failed to properly represent [him] and . . . bring to light [certain] issues").

Finally, we have independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly affirm the judgment of the district court, grant counsel permission to withdraw, and deny the pending pro se motion as moot.

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.