# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1201
_____

United States of America

*Plaintiff - Appellee*

v.

Marcello Lamar

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: July 22, 2022
Filed: July 27, 2022
[Unpublished]
_____

Before BENTON, SHEPHERD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Marcello Lamar appeals the sentence the district court[1] imposed after he pleaded guilty to possessing with intent to distribute a methamphetamine mixture.

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

His counsel has moved for leave to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the district court's application of the United States Sentencing Guidelines Manual ("Guidelines") provisions for actual methamphetamine and the substantive reasonableness of the sentence.

We conclude the district court did not plainly err in determining Lamar's base offense level based on the undisputed weight of the actual methamphetamine. *See United States v. Kirlin*, 859 F.3d 539, 543 (8th Cir. 2017) (reviewing district court's application of Guidelines de novo and its findings of fact for clear error but for plain error if defendant fails to timely object); U.S.S.G. § 2D1.1(c) cmt. n.B (in case of mixture containing methamphetamine, use offense level determined by entire weight of mixture or by weight of actual methamphetamine, whichever is greater); *see also United States v. Aparicio-Leon*, 963 F.3d 470, 473 (5th Cir. 2020) (holding no error where district court used undisputed pure methamphetamine weight to determine base offense level despite indictment charging possession of methamphetamine mixture). We also conclude the district court did not impose a substantively unreasonable sentence. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reviewing sentence under deferential abuse-of-discretion standard); *United States v. Sharkey*, 895 F.3d 1077, 1082 (8th Cir. 2018) (noting sentencing court may, but need not, vary downward based on policy disagreement with Guidelines).

Finally, having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm, and we grant counsel leave to withdraw.

_____