# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2232
_____

United States of America

*Plaintiff - Appellee*

v.

Lannie Everett Ross

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: November 17, 2023
Filed: March 5, 2024
[Unpublished]
_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Lannie Everett Ross pleaded guilty to two counts related to distribution of explosive materials and possession of firearms. The district court[1] sentenced him to 37 months of imprisonment on each count, to run concurrently, and 3 years of

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

supervised release. He appeals, arguing his sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

In 2020, agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) were alerted to a foam cooler, containing materials used to make improvised explosive devices, found at a construction business in Des Moines, Iowa. At the time, Ross was a subcontractor for the business. According to employees, Ross brought the cooler into the construction shop and demonstrated how to assemble and light the explosives. Employees also told ATF agents that they had seen about 50 pounds of explosive flash powder in Ross's van four months earlier, that Ross had commented that he knew how to make military-grade explosive devices, and that Ross used methamphetamine. Agents also interviewed Ross's landlord, who told them that Ross was struggling after a recent divorce and had threatened to harm his ex-wife's new boyfriend.

ATF agents returned to the same construction shop in May 2022 to investigate an unrelated incident, when they again discovered materials used to make explosives. They later learned that it was Ross who brought the materials to the shop for the employees to make "firecrackers." Agents then obtained a search warrant for Ross's residence, a duplex he shared with his girlfriend and her two children, just across the street from an elementary school. During the search, agents found more materials used to make explosives, a homemade silencer and two unregistered short-barreled rifles that Ross built, and two unregistered pistols. Inside Ross's van, parked at the shop, agents found another unregistered pistol and more chemicals, including a bucket of ammonium hydroxide, which required a "bomb squad" to safely destroy.

Ross was indicted on several distribution of explosives and firearms offenses. Pursuant to a plea agreement, he pleaded guilty to two counts: one count of Distribution of Explosive Materials (Flash Powder), in violation of 18 U.S.C. §§ 842(a)(3)(B) and 844(a); and one count of Receipt or Possession of Unregistered

Firearm, in violation of 26 U.S.C. §§ 5841, 5845, 5861(c), 5861(d), and 5871. At sentencing, the district court calculated an advisory Guidelines range of 33 to 41 months. The government requested an upward variance to 46 months. Ross requested a sentence of probation or, in the alternative, a 24-month sentence. After hearing argument from the parties, the district court denied their requests and imposed a sentence of 37 months.

II.

On appeal, Ross argues that the sentence imposed is substantively unreasonable. "We review the substantive reasonableness of a sentence for abuse of discretion." United States v. Kirlin, 859 F.3d 539, 545 (8th Cir. 2017) (citation omitted). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation omitted).

Ross challenges how the district court weighed the sentencing factors. In his view, the court failed to properly consider several mitigating factors and instead gave too much weight to factors it deemed aggravating. As he did at sentencing, Ross explains that he had the explosive materials to make fireworks for "mere entertainment purposes," and that he built several of the firearms himself—all from lawfully obtained materials—without a "nefarious purpose." He contends that the district court dismissed these factors and placed too much emphasis on the "emotional statements" that he made after his divorce and when he was using methamphetamine. According to Ross, these statements were not relevant to the court's assessment of the factors under 18 U.S.C. § 3553(a) in imposing sentence in this case. Relatedly, Ross asserts that the district court failed to account for mitigating factors, such as that he had stopped using methamphetamine, that he was the sole provider for his family, and that he had no criminal record.

Our review of the record assures us that the district court considered all relevant mitigating and aggravating factors under § 3553(a). The court found Ross's success on pretrial release, his work history, and his lack of criminal record mitigating. See § 3553(a)(1). Yet, it expressed significant concern about community safety and the serious nature of his offense conduct. See § 3553(a)(2)(A), (C). The court determined that the amount of flash powder involved, if detonated, would have caused significant damage to both buildings and human life. And by storing these materials in his home, across the street from a school, Ross "was endangering a whole school full of children." In support of a Guidelines sentence, the court also noted this was "not just a single-time bad decision." Rather, Ross had obtained "extremely dangerous materials" to create explosive devices "over a period of years." Finally, the court emphasized that Ross possessed explosive materials "in connection with guns," and that he made threats against his ex-wife and her new family. In the district court's view, when taken together, "that all makes this crime extremely alarming." The court also addressed Ross's request for a sentence of probation, but expressly rejected it as inadequate given the serious and dangerous nature of Ross's offenses.

Ross "presented each of [his mitigating] facts to the district court at the sentencing hearing," and the court exercised its discretion to weigh them differently than he had hoped. See United States v. Wisecarver, 644 F.3d 764, 774 (8th Cir. 2011) (holding that a district court may "assign relatively greater weight to the nature and circumstances of the offense than to the [defendant's] mitigating personal characteristics"). We discern no abuse of discretion in how the district court weighed and considered the relevant sentencing factors.

III.

We affirm the judgment of the district court.

_____