# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1422
_____

United States of America

*Plaintiff - Appellee*

v.

Cory Marvin Baker

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: February 10, 2025
Filed: June 2, 2025
[Unpublished]
_____

Before LOKEN, BENTON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Cory Baker received the statutory maximum of 24 months in prison after he violated several conditions of supervised release, including keeping and using unauthorized internet-capable electronic devices. On appeal, he argues that the

district court[1] improperly weighed the statutory factors, *see* 18 U.S.C. §§ 3553(a), 3583(e)(3), which led to a substantively unreasonable sentence.

We conclude otherwise. *See United States v. Clark*, 998 F.3d 363, 367 (8th Cir. 2021) (reviewing a revocation sentence for an abuse of discretion). The district court was concerned about the danger Baker posed to children, *see* 18 U.S.C. § 3553(a)(2)(C), particularly given that he had searched for child pornography using queries like "Shower Boys" and "Asian Boy Shower." Not to mention that he had failed to comply with sex-offender-registration requirements and associated with a felon. Although the court varied upward, it sufficiently considered the relevant factors and did not commit a clear error of judgment in doing so. *See Clark*, 998 F.3d at 369–70; *see also United States v. Richart*, 662 F.3d 1037, 1052, 1054 (8th Cir. 2011) (explaining that a district court can "var[y] based on factors already taken into account by the advisory guidelines" and "weigh[] the[m] . . . more heavily than [a defendant] would prefer" (citation omitted)).

Nor did it "give significant weight to an improper factor." *United States v. Boykin*, 850 F.3d 985, 988–89 (8th Cir. 2017) (per curiam). Along with his other violations, Baker admitted that he had a strained relationship with his probation officer. It was reasonable for the court to conclude that having him remain on supervision would not address the danger he posed. *See* 18 U.S.C. § 3553(a)(2)(C) (listing the "need . . . to protect the public" as a consideration). We accordingly affirm the judgment of the district court.

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.