# United States Court of Appeals
### For the Eighth Circuit
_____

No. 24-2009
_____

United States of America

*Plaintiff - Appellee*

v.

Jermey Jordan, also known as Jeremy Jordan

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: June 9, 2025
Filed: August 18, 2025
[Unpublished]
_____

Before COLLOTON, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Jermey Jordan pleaded guilty to being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), and possession of a machinegun, *see id.* § 922(o). Jordan's total offense level of 19 and criminal history category of III resulted in an advisory sentencing guidelines range of 37 to 46 months' imprisonment. After considering

the 18 U.S.C. § 3553(a) factors, the district court[1] varied upwards and imposed a sentence of sixty months on each count to run concurrently to each other and consecutively to an anticipated state sentence as well as any anticipated state revocations. Jordan appeals, arguing that the district court procedurally erred and that it imposed a substantively unreasonable sentence. We affirm.

We first address whether the district court procedurally erred. *See United States v. Black*, 129 F.4th 508, 513 (8th Cir. 2025). "Procedural error includes failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation modified). Jordan alleges two procedural errors: first, that the district court relied on clearly erroneous facts by describing his prior convictions of third-degree domestic battering as "violent"; and second, that the district court erroneously ordered his sentence to run consecutively to his anticipated state sentences without explanation and without considering U.S.S.G. § 5G1.3. As Jordan did not object to these alleged errors before the district court, we review for plain error. *See United States v. Thigpen*, 848 F.3d 841, 847 (8th Cir. 2017). Thus, to prevail, Jordan must show a plain error that affects his substantial rights and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736 (1993) (citation modified).

Regarding Jordan's first allegation, the district court did not rely on clearly erroneous facts when it described Jordan's prior third-degree domestic battering convictions as "violent." In Arkansas, a person may only be convicted of third-degree domestic battering if, either purposely, recklessly, or negligently, he "causes physical injury to a family or household member" or if he "purposely causes stupor,

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

unconsciousness, or physical or mental impairment or injury to a family or household member" through the nonconsensual administration of drugs or other substances. Ark. Code Ann. § 5-26-305 (2025). Thus, third-degree domestic battering necessarily involves non-accidentally injuring or purposely impairing one's family or household member. When imposing a sentence, district courts are directed to consider, among other factors, "the history and characteristics of the defendant." 18 U.S.C. § 3553(a). Thus, the district court did not plainly err when it found that Jordan's two previous convictions for third-degree domestic battering indicated he had a violent history.

Regarding Jordan's second allegation, the district court was not required to provide additional explanation regarding why it ordered the sentences to run consecutively. Just as a district court must consider the § 3553(a) factors when it imposes a sentence, *id.*, it also must consider the § 3553(a) factors when it decides whether to run sentences concurrently or consecutively. 18 U.S.C. § 3584(b). But the "sentencing court need not provide a separate statement of reasons for imposing consecutive sentences." *United States v. Williams*, 934 F.3d 804, 808 (8th Cir. 2019) (per curiam) (internal quotation marks omitted). Here, the district court considered the § 3553(a) factors as well as the comments of counsel, including the Government's observation that the conduct charged in the instant offense was unrelated to the conduct charged in the anticipated state sentences. We detect no error, much less plain error.

Further, Jordan's assertion that the district court ought to have considered U.S.S.G. § 5G1.3 is meritless. Section 5G1.3 applies in a few, limited circumstances. Subsection 5G1.3(a) applies when the defendant committed the instant offense either while he was serving a term of imprisonment or after he had been sentenced for a term of imprisonment but before he had commenced serving it. Subsection 5G1.3(b) applies if the defendant is subject to "a term of imprisonment result[ing] from another offense that is relevant conduct to the instant offense." Subsection 5G1.3(c) applies if a state term of imprisonment involving relevant conduct is anticipated. None of these circumstances existed here. When he

committed the instant offense, Jordan was neither serving a term of imprisonment nor waiting to commence an already-sentenced term of imprisonment. Jordan was not subject to a term of imprisonment resulting from related conduct. And, though Jordan was anticipating a state sentence, that state sentence did not involve related conduct. Therefore, the district court did not plainly err when it ordered this sentence to run consecutively to Jordan's anticipated, unrelated, state sentences.

We next address whether Jordan's sentence was substantively unreasonable. We review the imposition of sentences, whether inside or outside the guidelines range, for abuse of discretion. *Feemster*, 572 F.3d at 461. "A district court abuses its discretion in sentencing if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Petersen*, 848 F.3d 1153, 1157 (8th Cir. 2017) (internal quotation marks omitted).

Jordan argues his sentence was substantively unreasonable because the district court improperly disregarded his remorse and post-conviction conduct and gave undue weight to his criminal history, which was already accounted for in the guidelines range. District courts may vary from the guidelines "based on factors already taken into account by the advisory guidelines, where the Guidelines do not fully account for those factors, or when a district court applies broader § 3553(a) considerations in granting the variance." *United States v. Grace*, 893 F.3d 522, 524 (8th Cir. 2018). "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Boelter*, 806 F.3d 1134, 1136 (8th Cir. 2015) (per curiam). In other words, "[s]imply because the district court weighed the relevant factors more heavily than [Jordan] would prefer does not mean the district court abused its discretion." *See United States v. White*, 863 F.3d 1016, 1021-22 (8th Cir. 2017).

The district court explicitly stated that it had considered the § 3553(a) factors. It explained that it had considered Jordan's history of firearms and domestic battering offenses. It also noted the circumstances of the instant offense—that Jordan had possessed a machinegun and several high-capacity magazines. Further, the district court noted that it had considered Jordan's comments at the hearing, through which Jordan had expressed his regret and accepted full responsibility for his actions. It is an unusual case when we reverse a district court sentence as substantively unreasonable. *Feemster*, 572 F.3d 455 at 464. This is not one such unusual case. We detect no abuse of discretion.

Accordingly, we affirm.

_____